IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DAVID MATSUURA, ET AL., | ) | CIVIL NO. 96-01180 SOM-LEK |
| Plaintiffs, | ) | |
| vs. | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, | ) | |
| Defendants. | ) | |
| FUKU-BONSAI, INC., ET AL., | ) | CIVIL NO. 97-00716 SOM-LEK |
| Plaintiffs, | ) | |
| vs. | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | ) | |
| Defendants. | ) | |
| LIVING DESIGNS, INC., ET AL., | ) | CIVIL NO. 99-00660 SOM-LEK |
| Plaintiffs, | ) | |
| vs. | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | ) | |
| Defendants. | ) | |
| MCCONNEL, INC., a CALIFORNIA CORPORATION, | ) | CIVIL NO. 00-00328 SOM-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, | ) | |
| Defendant. | ) | |
| | ) | CIVIL NO. 00-00615 SOM-LEK |

```
ANTHURIUM ACRES, ET AL.,        )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
E.I. du PONT DE NEMOURS AND     )
COMPANY,                        )
                                )
          Defendant.            )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S
MOTION IN LIMINE NO. 5 TO STRIKE THE DECLARATION OF
<u>WAYNE PARSONS FILED ON MAY 15, 2006, FILED MAY 29, 2006</u>**

Before the Court is Defendant E.I. du Pont de Nemours and Company's ("DuPont") Motion in Limine No. 5 to Strike the Declaration of Wayne Parsons filed on May 15, 2006, filed May 29, 2006 ("Motion in Limine").  On June 5, 2006, DuPont filed its Supplement to its Motion in Limine.  Plaintiffs David Matsuura, Individually and dba Orchid Isle Nursery, and Stephen Matsuura, Individually and dba Hawaiian Dendrobium Farm, Fuku-Bonsai, Inc. and David W. Fukumoto, Living Designs, Inc. and Plant Exchange, Inc., McConnell, Inc., Anthurium Acres and Mueller Horticultural Partners (collectively "Plaintiffs") filed their memorandum in opposition to the Motion in Limine on June 19, 2006.  DuPont filed its reply brief on June 25, 2006.  This matter came on for hearing on July 7, 2006.  Appearing for Plaintiffs were Carl H. Osaki, Esq., A. Camden Lewis, Esq., Stephen T. Cox, Esq., and Kris A. LaGuire, Esq.  Appearing for DuPont were Warren Price,

III, Esq., Kenneth T. Okamoto, Esq., and Susan C. Wilson, Esq. After careful consideration of the motion, supporting and opposing memoranda, and the arguments of counsel, this Court GRANTS IN PART and DENIES IN PART the Motion in Limine for the reasons set forth below.

## BACKGROUND

The history of the consolidated cases is long and has been thoroughly described in Living Designs v. E.I. DuPont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005), cert. denied, 126 S. Ct. 2861 (2006).  See also Matsuura v. E.I. DuPont de Nemours & Co., 102 Hawai`i 149, 73 P.3d 687 (2003).  Plaintiffs are commercial growers who filed lawsuits in 1992 and 1993 against DuPont, the manufacturer of a systemic fungicide which was marketed under the name of Benlate, alleging that Benlate killed their plants ("Underlying Litigation").  Plaintiffs and DuPont settled the Underlying Litigation in 1994.  At the heart of the consolidated cases is Plaintiffs' allegation that DuPont "fraudulently withheld evidence of Benlate's contamination to induce Plaintiffs to settle their underlying Benlate litigation." Living Designs, 431 F.3d at 358.  The claims presently being litigated in the consolidated cases are: civil RICO claims, fraud, misrepresentation, and non-fraud claims.[1]

---

[1] Plaintiffs' negligence and spoliation claims have been dismissed.  See Living Designs, 431 F.3d at 371-72.

Wayne Parsons is an attorney and was local counsel for Kevin Malone, an attorney from Fort Lauderdale, Florida. Together they represented several plaintiffs in the Underlying Litigation. [Exh. 3 to Motion in Limine at ¶ 2.] Parsons does not represent Plaintiffs in the instant action. Plaintiffs have identified him and other witnesses as persons who "may provide expert testimony at trial, but who are not retained experts." [Mem. in Supp. of Motion in Limine at 2 (quotation marks omitted).]

On March 22, 2002, this Court issued its Order Granting in Part and Denying in Part E.I. du Pont de Nemours and Co.'s Motion to Preclude Expert Testimony for Violation of Court Order Filed on January 28, 2002 ("3/22/02 Order"), in which it ruled that Parsons and other witnesses cannot testify as retained expert witnesses but can testify as percipient expert witnesses:

> Rule 26(a)(2)(B) mandates, with deliberate specificity, that expert witness disclosures shall include not only the identity of the expert witness but the written report of the expert's opinions and conclusions, and the expert's qualifications:
>> Except as otherwise stipulated or directed by the court, <u>this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony</u> in the case . . . <u>be accompanied by a written report prepared and signed by the witness</u>. The report shall contain a complete statement of all opinions to be expressed and

> > the basis and reasons
> > therefor; the data or other
> > information considered by the
> > witness in forming the
> > opinions; any exhibits to be
> > used . . .; the qualifications
> > of the witness, including a
> > list of all publications
> > authored by the witness . . .;
> > the compensation to be paid
> > for the study and testimony;
> > and a listing of any other
> > cases in which the witness has
> > testified . . . within the
> > preceding four years.
>
> Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).
> Plaintiffs' failure to provide the requisite
> written report and other information requires the
> Court to grant DuPont's Motion to Preclude as to
> the fourteen witnesses to the extent they could be
> called to testify or render opinions as "retained
> experts."
>
> However, the fourteen witnesses are not
> entirely precluded.  These witnesses have been
> described as "percipient expert witnesses" in that
> they are experts in the fields of law or science,
> and were lawyers involved in the underlying
> litigation or were eyewitnesses to certain
> scientific studies related to Benlate.  Thus,
> these witnesses are not unlike treating physicians
> for whom an expert report is not required.  See
> Rangasan v. Hawaiian Tug & Barge Corp., No. Civ.
> 99-00275 SOM, 2000 WL 1569295, at *3 (D. Haw. Apr.
> 6, 2000) (treating physician may testify to
> causation if his testimony is based on knowledge
> acquired during course of treatment without having
> provided expert report); see also 6 Moore's
> Federal Practice § 26.23[2][b] (3d ed. 2001) ("A
> treating physician may state 'expert' facts to the
> jury in order to explain his or her testimony
> without being considered an expert witness.").

[3/22/02 Order at 5-6 (emphases and alterations in original).]

After remand by the Ninth Circuit, a trial re-setting conference was held on February 13, 2006.  In the February 17,

5

2006 Amended Rule 16 Scheduling Order ("2/17/06 Scheduling Order"), Plaintiffs were given a deadline of May 15, 2006 to submit expert disclosures and expert reports as to damages only. On May 15, 2006, Plaintiffs submitted these documents, including the Declaration of Wayne Parsons, dated May 15, 2006 ("Parsons Declaration").

## **DISCUSSION**

DuPont seeks to have the Parsons Declaration stricken as an expert report because it was not timely filed. DuPont argues that Plaintiffs are attempting to circumvent the 3/22/02 Order by submitting this declaration as an "expert report". Plaintiffs contend that the 2/17/06 Scheduling Order permits them to add Parsons as an expert on damages and that his declaration is his written expert report. They argue that the 3/22/02 Order does not prevent Parsons from testifying as to what he would have done if he had known certain facts, and that this type of testimony is especially relevant in fraud cases. Further, they point to the Ninth Circuit's reliance on Kevin Malone's deposition testimony as a finding that, by analogy, Parson's testimony is relevant and admissible. Lastly, Plaintiffs state that Parsons cannot be excluded as an expert witness because DuPont cannot demonstrate undue prejudice.

In reply, DuPont strongly contests Plaintiffs' representation that there was any agreement between the parties

to allow Plaintiffs to name new experts as to causation and damages; reiterates its reading of the 3/22/02 Order; contends that the Parsons Declaration cannot remedy the failure to file his expert report previously; and disputes that the Ninth Circuit held that Malone's "what if" testimony is admissible.

For the reasons set forth in the 3/22/02 Order, Parsons is not a retained expert witness. He is a percipient expert witness and therefore was not required to file an expert report.

However, in the event that Plaintiffs' submission of the Parsons Declaration on May 15, 2006 was an effort to add Parsons as a retained expert witness, this addition was untimely as the May 15, 2006 deadline for expert witnesses was limited to an expert in economics who would testify as to damages. Representations were made at the trial resetting conference that Plaintiffs' economics expert would not be able to continue as a witness due to health concerns unrelated to the litigation, and Plaintiffs were therefore permitted to name an expert witness in his place.

If Plaintiffs are seeking leave to add Parsons as a retained expert, it is not correct that DuPont must show substantial prejudice. Rather, Plaintiffs must demonstrate that the failure to make the timely disclosure of the Parsons Declaration was substantially justified and was harmless. See Fed. R. Civ. P. 37(c)(1) ("A party that without substantial

justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."); see also Doblar v. Unverferth Mfg. Co., 185 F.R.D. 258, 261 (D.S.D. 1999) (stating that, under Rule 37(c), the court must "first consider whether the plaintiff has established substantial justification" for its failure and then determine "whether the failure to disclose was harmless"). This Court cannot conclude that Plaintiffs have met these requirements.

Even assuming that the Parsons Declaration was timely filed, the contents are deficient for a retained expert report. Rule 26's requirements for an expert report are specific. Among other things, it requires that "[t]he report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions[.]" Fed. R. Civ. P 26(a)(2)(B). The Advisory Committee Notes make clear that the report must be detailed and complete:

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of

> expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness.

Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993 Amendments).  The Parsons Declaration, other than providing information based on Parsons' observations as an attorney representing Plaintiffs in the underlying litigation, merely states that he agrees with the opinions expressed in reports and deposition testimony given by Plaintiffs' retained experts, James F. Ventura and J. Anderson Berly, III.  [Exh. 3 to Motion in Limine at ¶¶ 14, 15.]  No reasoning is given.

Parsons can testify as a percipient expert witness. [Order Granting in Part and Denying in Part Defendant E.I. du Pont de Nemours and Company's Motion in Limine No. 3: Motion to Preclude Expert Testimony by Percipient Expert Witnesses, filed March 13, 2006, filed February 2, 2007.]  As such, his observations as an attorney in the Underlying Litigation, such as set forth in paragraphs 1-13, and 16 of the Parsons Declaration, are permissible, subject to the constraints of the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, the Motion in Limine is GRANTED to the extent that paragraphs 14 and 15 of the Parsons Declaration are stricken.  The opinions expressed in paragraphs 14 and 15 are not appropriate for a percipient expert witness.

9

Further, to the extent that the Parsons Declaration purports to be a Fed. R. Civ. P. 26(a)(2)(B) expert report, it was untimely filed and does not meet the requirements of Rule 26.  The Motion in Limine is DENIED as to paragraphs 1-13, and 16 of the Parsons Declaration, which are permissible observations of a percipient expert witness.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAI`I, February 2, 2007.



       /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

**DAVID MATSUURA, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY; FUKU-BONSAI, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL.; LIVING DESIGNS, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL; MCCONNEL INC. V. E.I. DU PONT DE NEMOURS AND COMPANY; ANTHURIUM ACRES, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY**; CIVIL NOS. 96-01180; 97-00716; 99-00660; 00-00328 AND 00-00615 SOM-LEK