IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DAVID MATSUURA, ET AL., | ) | CIVIL NO. 96-01180 SOM-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| FUKU-BONSAI, INC., ET AL., | ) | CIVIL NO. 97-00716 SOM-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ _ | ) ) | CIVIL NO. 99-00660 SOM-LEK |
| LIVING DESIGNS, INC., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | CIVIL NO. 00-00328 SOM-LEK |
| MCCONNEL, INC., a CALIFORNIA CORPORATION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.I. du PONT DE NEMOURS AND COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | CIVIL NO. 00-00615 SOM-LEK |

```
ANTHURIUM ACRES, ET AL.,        )
                                )
        Plaintiffs,             )
                                )
    vs.                         )
                                )
E.I. du PONT DE NEMOURS AND     )
COMPANY,                        )
                                )
        Defendant.              )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
E.I. DU PONT DE NEMOURS AND COMPANY'S MOTION IN LIMINE
NO. 15 TO STRIKE PORTIONS OF PLAINTIFFS' SUPPLEMENTAL
DISCLOSURES DATED MAY 15, 2006, FILED JUNE 2, 2006**

Before the Court is Defendant E.I. du Pont de Nemours and Company's ("DuPont") Motion in Limine No. 15 to Strike Portions of Plaintiffs' Supplemental Disclosures Dated May 15, 2006, filed June 2, 2006 ("Motion in Limine"). Plaintiffs David Matsuura, Individually and dba Orchid Isle Nursery, and Stephen Matsuura, Individually and dba Hawaiian Dendrobium Farm, Fuku-Bonsai, Inc. and David W. Fukumoto, Living Designs, Inc. and Plant Exchange, Inc., McConnell, Inc., Anthurium Acres and Mueller Horticultural Partners (collectively "Plaintiffs") filed their memorandum in opposition to the Motion in Limine on June 19, 2006. DuPont filed its reply brief on June 25, 2006. This matter came on for hearing on July 7, 2006. Appearing for Plaintiffs were Carl H. Osaki, Esq., A. Camden Lewis, Esq., Stephen T. Cox, Esq., and Kris A. LaGuire, Esq. Appearing for DuPont were Warren Price, III, Esq., Kenneth T. Okamoto, Esq.,

2

and Susan C. Wilson, Esq.  After careful consideration of the motion, supporting and opposing memoranda, and the arguments of counsel, this Court GRANTS IN PART and DENIES IN PART the Motion in Limine for the reasons set forth below.

This motion arises from the May 15, 2006 filing of Plaintiffs' Supplemental Disclosure Pursuant to Rule 26(a)(2) and the Amended Rule 16 Scheduling Order of February 17, 2006 ("Expert Disclosure").  DuPont seeks to preclude fourteen witnesses listed in the Expert Disclosure from testifying as retained expert witnesses.[1]  Plaintiffs, on the other hand, argue that the mere fact that the witnesses, other than Wayne Parsons, have not provided Rule 26 expert report does not preclude them from offering expert testimony at trial.

On February 2, 2007, this court ruled that "Malone, Parsons and the other witnesses cannot testify as retained expert witnesses but can testify as percipient expert witnesses." [Order Granting in Part and Denying in Part Defendant E.I. du Pont de Nemours and Company's Motion in Limine No. 3: Motion to Preclude Expert Testimony by Percipient Expert Witnesses, filed March 13, 2006 ("2/2/07 Order") at 5.]

---

[1] These witnesses are Kevin Malone, Wayne Parsons, Robert McKee, Chris Skambis, Phillip Sheehe, Louis Venditelli, Neal Pope, Michael McGlamry, Barry Brennan, Janice Uchida, C.S. Tang, Leon Vargas, Charles Welker, and James Cefalo.  [Mem. in Supp. of Motion in Limine at 2.]

For the reasoning set forth in the 2/2/07 Order, the Motion in Limine is GRANTED insofar as the witnesses identified in Plaintiffs' Expert Disclosure may be called to testify as percipient expert witnesses to the extent permitted by the Federal Rules of Evidence, but may not be called to testify or render opinions as "retained experts".  The Motion in Limine is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 2, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAVID MATSUURA, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY; FUKU-BONSAI, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL.; LIVING DESIGNS, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL; MCCONNEL INC. V. E.I. DU PONT DE NEMOURS AND COMPANY; ANTHURIUM ACRES, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY**; CIVIL NOS. 96-01180; 97-00716; 99-00660; 00-00328 AND 00-00615 SOM-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S MOTION IN LIMINE NO. 15 TO STRIKE PORTIONS OF PLAINTIFFS' SUPPLEMENTAL DISCLOSURES DATED MAY 15, 2006, FILED JUNE 2, 2006